UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 22 CR 569 |
| v. | ) | |
| | ) | Hon. Jorge L. Alonso |
| ANTHONY LABALESTRA | ) | |
| | ) | |

## PROTECTIVE ORDER GOVERNING DISCOVERY

Upon the unopposed motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the Materials") are subject to the protective order previously entered by this Court and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Within the category of Materials covered by this protective order are certain materials disclosed or to be disclosed by the government that contain particularly sensitive information, including information that discloses the identities of cooperating individuals and witnesses in investigations unrelated to charge alleged in this matter. These materials shall be plainly marked as **"Sensitive"** by the government prior to disclosure.

3. Defense counsel is responsible for securely maintaining the Sensitive Materials. Defendant and defendant's counsel shall not disclose the Sensitive Materials or their contents directly or indirectly to any person.

4. Defendant may not retain copies of Sensitive Materials without prior permission of the Court.

5. Defendant and defendant's counsel shall not copy or reproduce the Sensitive Materials.

6. Defendant and defendant's counsel shall not disclose any notes or records of any kind that they make in relation to the contents of the Sensitive Materials, and all such notes or records are to be treated in the same manner as the original Sensitive Materials.

7. A party seeking to use Sensitive Materials in a public filing must first seek permission from the Court to submit the Sensitive Materials under seal (except if defendant chooses to include in a public document sensitive information relating solely and directly to defendant). No documents may be filed under seal absent a motion, filed and noticed for hearing prior to the due date of the particular filing, showing good cause for sealing a portion of the record in the case.

8. Should defendant retain new counsel, defendant's counsel shall return the Sensitive Materials to the government and the government shall re-produce the Sensitive Materials to defendant's new counsel of record.

9. Upon conclusion of all stages of this case, all of the Sensitive Materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The Sensitive Materials may be (a) destroyed; (b) returned to the United States; or (c) retained in defense counsel's case file. The government or the Court may require a certification as to the disposition of any such Sensitive Materials. In the event that the Sensitive Materials are retained by defendant's counsel, the restrictions of this order continue in effect for as long as the Sensitive Materials are so maintained, and the Sensitive Materials may not be disseminated or used in connection with any other matter without further order of the Court.

10. The restrictions set forth in this order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this order limit defendant's counsel in the use of the materials in judicial proceedings in this case (subject to the rules governing the use of the Sensitive Materials in public filings as set forth in Paragraph 8). If Sensitive Materials are displayed in a public courtroom as part of a judicial proceeding, identifying information shall be redacted, or if defense counsel believes redaction is impracticable, counsel shall file a motion, *ex parte*, with the Court seeking guidance as to the proper method for displaying such Sensitive Materials.

11. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

_____
JORGE L. ALONSO
UNITED STATES DISTRICT JUDGE

Date: November 28, 2023